IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 1 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02302-BNB

JOHN M. MEYER, JR.,

Plaintiff,

v.

MR. FERGUSON (Individual and Official Capacity), Acting Sergeant DRDC Infirmary,
MS. SHOCK (Individual and Official Capacity), Acting Medical Provider Nurse,
MS. BERROA (Individual and Official Capacity), Acting Medical Provider Nurse,
MS. ANSHUTZ (Individual and Official Capacity), Acting Nurse,
MR. SINGH (Individual and Official Capacity), Acting Medical Doctor,
MS CHRIETTE (Individual and Official Capacity), Acting Registered Nurse,
MS. BAELIN (Individual and Official Capacity), Acting Medical Staff,
MS. CRAWLEY (Individual and Official Capacity), Acting Nurse,
MR. McMILLAN (Individual and Official Capacity), Acting Sergeant,
JOAN SHOEMAKER (Individual and Official Capacity), Director of Med. Service,
MR. MEIGS (Individual and Official Capacity), Acting Property Rec. Sergeant,
MR. ADEMIC (Individual and Official Capacity), Acting Sergeant,
MS. CRUZ (Individual and Official Capacity), Acting OCA Officer,
MR. DARROW (Individual and Official Capacity), Acting Medical Doctor,
MS. TRUJILLO (Individual and Official Capacity), Acting CH7 Case Manager,
MS. BURT (Individual and Official Capacity), Acting Nurse,
MS. ROMERO (Individual and Official Capacity), Acting Physicians Assistant,
M. GODHARDT (Individual and Official Capacity), Contract Doctor Denver Health,
MS. FRANZ (Individual and Official Capacity), Acting Medical Director for CDOC,
MR. OWENS (Individual and Official Capacity), Cellhouse One Sergeant,
MR. WATERS (Individual and Official Capacity), Mental Health Clinician,
MS. JANE DOE (Individual and Official Capacity), Acting Medical Staff Nurse,
MR. JOHN DOE 3 (Individual and Official Capacity), Acting Corrections Officer,
MR. WILLIAMS (Individual and Official Capacity), Acting Cellhouse Lt.,
C. GOODWIN (Individual and Official Capacity), Acting Registered Nurse,
N. GREEN (Individual and Official Capacity), Acting L.P. Nurse,
MR. BARTON (Individual and Official Capacity), Acting Sergeant CH4,
JOHN DOE 1 (Individual and Official Capacity), Acting Escort/Bus Driver,
K. MITCHELL (Individual and Official Capacity), Acting Physicians Assistant,
MS. CARTER (Individual and Official Capacity), Acting Physicians Assistant,
MR. HIEDENTHAL (Individual and Official Capacity), Acting Lt. CH3,
BETTY STOCKMANN (Individual and Official Capacity), Acting Registered Nurse,
MR. JONES (Individual and Official Capacity), Acting Security Correction Officer,
MS. J. RUSSELL (Individual and Official Capacity), Acting CDOC Legal Liaison,

JOHN DOE 2 (Individual and Official Capacity), CH4 C/O Bus Escort,
MS. WALKER (Individual and Official Capacity), Acting Nurse,
MR. JOHN DOE 4 (Individual and Official Capacity), Acting Cellhouse Officer,
MR. JOHN DOE 5 (Individual and Official Capacity), Acting Cellhouse Officer,
MR. JOHN DOE 6 (Individual and Official Capacity), Acting Intake Officer,
JOHN DOE 7 (Individual and Official Capacity), Acting Intake Officer,
JOHN DOE 8 (Individual and Official Capacity), CH1 Sgt.,
MS. JANE DOE 3 (Individual and Official Capacity), Acting Nurse DRDC Infirmary,
MS. JANE DOE 4 (Individual and Official Capacity), Acting Nurse DRDC Infirmary,
MS. JANE DOE 5 (Individual and Official Capacity), Acting Nurse DRDC Medical Dept.,
MS JANE DOE 6 (Individual and Official Capacity), Acting Nurse DRDC Medical Dept., and
MS. JANE DOE 7 (Individual and Official Capacity), Acting Nurse CTCF Med. Records,

Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, John M. Meyer, Jr., is a prisoner in the Custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Meyer has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The court must construe the Prisoner Complaint liberally because Mr. Meyer is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Meyer will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and has determined that the Prisoner Complaint is deficient because it is not clear what specific claim or claims Mr. Meyer is asserting against each named Defendant. As a result, the court finds that the

Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Meyer fails to set forth a short and plain statement of each of the five claims asserted in the complaint showing that he is entitled to relief. The primary problem is that Mr. Meyer fails to specify what each Defendant did that allegedly violated his rights, which prevents the Court and Defendants from knowing the factual basis for the claims being asserted against each Defendant and why Mr. Meyer believes each Defendant has violated his rights. For example, Mr. Meyer alleges that one of the individuals named as a Defendant, Dr. Godhardt, performed surgery on Mr. Meyer's ankle and

3

gave instructions for follow-up care that were not followed by other medical personnel at the Denver Reception and Diagnostic Center. Mr. Meyer does not allege that Dr. Godhardt was deliberately indifferent to his serious medical needs in any way, so it is not clear why Mr. Meyer has included Dr. Godhardt as a Defendant in this action or what specific claim is being asserted against Dr. Godhardt. The same is true for other individuals named as Defendants in the complaint.

Therefore, Mr. Meyer will be ordered to file an amended complaint if he wishes to pursue his claims in this action. If Mr. Meyer fails to file an amended complaint that clarifies the specific claims he is asserting against each named Defendant, the action will be dismissed. Mr. Meyer is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, although Mr. Meyer may use fictitious names, such as John or Jane Doe, if he does not know the real names of the individuals who allegedly violated his rights, he must provide sufficient information about each individual identified as a John or Jane Doe to allow him or her to be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Meyer file, **within thirty (30) days from the date of this order,** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Meyer, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Meyer fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED October 21, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02302-BNB

John M. Meyer, Jr.
Prisoner No. 142421
CCF
P.O. Box 600
Cañon City, CO 81215-0600

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/21/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk